FILED
U.S. DISTRICT COURT
EASTERN DISTRICT ARKANSAS

AUG 20 2020

JAMES W. McCORMACK, CLERK
By: _____
                      DEP CLERK

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ALEXIS CANADA and INDRA SMITH,**                                        **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.                          No. 4:20-cv-998-DPM
                             This case assigned to District Judge Marshall
                             and to Magistrate Judge Deere

**CENTRAL MOLONEY, INC.**                                                 **DEFENDANT**

## ORIGINAL COMPLAINT—COLLECTIVE ACTION

COME NOW Plaintiffs Alexis Canada and Indra Smith (collectively "Plaintiffs"), each individually and on behalf of all others similarly situated, by and through their attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and for their Original Complaint—Collective Action against Defendant Central Moloney, Inc. ("Defendant"), and in support thereof they do hereby state and allege as follows:

### I.  PRELIMINARY STATEMENTS

1. This is a collective action brought by Plaintiffs, each individually and on behalf of all other hourly-paid workers employed by Defendant at any time within a three-year period preceding the filing of this Complaint.

2. Plaintiffs bring this action under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA"), and the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.* ("AMWA"), for declaratory judgment, monetary damages, liquidated damages, prejudgment interest, and costs, including reasonable attorneys' fees, as a result of Defendant's failure to pay Plaintiffs and other hourly-paid workers lawful overtime compensation for hours worked in excess of forty (40) hours per week.

3. Upon information and belief, for at least three (3) years prior to the filing of this Complaint, Defendant has willfully and intentionally committed violations of the FLSA and AMWA as described, *infra*.

## II. JURISDICTION AND VENUE

4. The United States District Court for the Eastern District of Arkansas has subject matter jurisdiction over this suit under the provisions of 28 U.S.C. § 1331 because this suit raises federal questions under the FLSA.

5. Plaintiffs' claims under the AMWA form part of the same case or controversy and arise out of the same facts as the FLSA claims alleged herein; accordingly, this Court has supplemental jurisdiction over the AMWA claims pursuant to 28 U.S.C. § 1367(a).

6. The acts complained of herein were committed and had their principal effect within the Central Division of the Eastern District of Arkansas; therefore, venue is proper within this District pursuant to 28 U.S.C. § 1391.

7. Defendant does business in this District and a substantial part of the events alleged herein occurred in this District.

8. The witnesses to the wage violations herein reside in this District.

9. The records and other documents related to the payroll practices that Plaintiffs challenge are located in this District.

## III. THE PARTIES

10. Plaintiff Alexis Canada ("Canada") is an individual and a resident and domiciliary of Jefferson County.

11. Plaintiff Indra Smith ("Smith") is an individual and a resident and domiciliary of Jefferson County.

12. Defendant is a domestic, for-profit corporation.

13. Defendant's registered agent for service of process is Chris Hart at 2400 West 6th Avenue, Pine Bluff, Arkansas 71611.

14. Defendant maintains a website at http://www.centralmoloneyinc.com/.

## IV. FACTUAL ALLEGATIONS

15. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

16. Defendant is an "employer" within the meanings set forth in the FLSA and AMWA, and was, at all times relevant to the allegations in this Complaint, Plaintiffs' employer, as well as the employer of the members of the proposed collective.

17. Defendant manufactures distribution transformers and transformer components.

18. Defendant is located in Pine Bluff.

19. Within the three years preceding the filing of this Complaint, Defendant has continuously employed at least four employees.

20. Defendant employs two or more individuals who engage in interstate commerce or business transactions, or who produce goods to be transported or sold in interstate commerce, or who handle, sell, or otherwise work with goods or materials that have been moved in or produced for interstate commerce.

21. Defendant's annual gross volume of sales made or business done is not less than $500,000.00 (exclusive of excise taxes at the retail level that are separately stated) in each of the three years preceding the filing of the Original Complaint.

22. Canada was employed by Defendant within the three (3) years preceding the filing of this Original Complaint.

23. Specifically, Canada was employed by Defendant as an hourly-paid benefits specialist and company nurse from September of 2019 until July of 2020.

24. Canada's primary duties included conducting orientation for new hires, processing new hire insurance, filing insurance paperwork, liaising with the insurance company to resolve issues, conducting first aid for factory injuries, and taking employees' blood pressure.

25. Smith was employed by Defendant within the three (3) years preceding the filing of this Original Complaint.

26. Specifically, Smith was employed by Defendant as an hourly-paid production planner from August of 2016 until the present.

27. Smith's primary duties included printing instructions for production, preparing paperwork, and submitting work orders.

28. At all material times, Plaintiffs have been entitled to the rights, protection and benefits provided under the FLSA and AMWA.

29. As hourly employees, Plaintiffs regularly received bonuses based on nondiscretionary criteria such as meeting production and safety goals.

30. Other hourly employees also received bonuses.

31. Throughout their tenure with Defendants, Plaintiffs regularly worked in excess of forty hours per week.

32. Upon information and belief, other hourly employees also regularly worked over forty hours per week.

33. Defendant paid Plaintiffs and other hourly-paid workers one-and-one-half (1.5) times their base hourly rate for each hour they worked over forty (40) in a workweek.

34. However, Defendant did not include the bonuses that were paid to Plaintiffs and other hourly-paid workers in their regular rates when calculating their overtime pay.

35. Section 778.208 of Title 29 of the Code of Federal Regulations requires that all forms of compensation, such as non-discretionary bonuses, "must be totaled in with other earnings to determine the regular rate on which overtime pay must be based."

36. Defendant violated the FLSA and AMWA by not including all forms of compensation, such the non-discretionary bonuses paid to Plaintiffs and other hourly-paid workers, in their regular rate when calculating their overtime pay.

37. Defendant's pay practices were the same for all hourly workers who received bonuses.

38. Upon information and belief, the pay practices that violate the FLSA and AMWA alleged herein were the same at all of Defendant's facilities because the policy was a centralized human resources policy implemented uniformly from the corporate headquarters.

39. Defendant knew, or showed reckless disregard for whether, the way it paid Plaintiffs and other hourly-paid workers violated the FLSA and AMWA.

## V.   REPRESENTATIVE ACTION ALLEGATIONS

40. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

41. Plaintiffs bring this claim for relief for violation of the FLSA as a collective action pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

42. Plaintiffs bring their FLSA claims on behalf of all hourly-paid workers employed by Defendant at any time within the applicable statute of limitations period, who were classified by Defendant as non-exempt from the overtime requirements of the FLSA and who are entitled to payment of the following types of damages:

A. Payment for all hours worked, including payment of a lawful overtime premium for all hours worked for Defendant in excess of forty (40) hours in a workweek;

B. Liquidated damages; and

C. Attorneys' fees and costs.

43. The relevant time period dates back three years from the date on which Plaintiffs' Original Complaint—Collective Action was filed and continues forward through the date of judgment pursuant to 29 U.S.C. § 255(a).

44. The members of the proposed FLSA Collective are similarly situated in that they share these traits:

A. They were classified by Defendant as non-exempt from the overtime requirements of the FLSA;

B. They were paid hourly rates;

C. They received non-discretionary bonuses;

D. They were subject to Defendant's common policy of improperly calculating overtime pay for hours worked over forty (40) per work week.

45. Plaintiffs are unable to state the exact number of the potential members of the FLSA Collective but believe that the group exceeds ten (10) persons.

46. Each Plaintiff has filed or will soon file a written Consent to Join this lawsuit.

47.     Defendant can readily identify the members of the Section 16(b) Collective. The names, physical addresses, electronic mailing addresses and phone numbers of the FLSA collective action plaintiffs are available from Defendant, and a Court-approved Notice should be provided to the FLSA collective action plaintiffs via first class mail, email and text message to their last known physical and electronic mailing addresses and cell phone numbers as soon as possible, together with other documents and information descriptive of Plaintiffs' FLSA claim.

## VI.     FIRST CLAIM FOR RELIEF
### (Individual Claims for Violation of the FLSA)

48.     Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

49.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

50.     Defendant classified Plaintiffs as non-exempt from the requirements of the FLSA.

51.     Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including non-discretionary bonuses paid to Plaintiffs in their regular rates when calculating their overtime pay.

52.     Defendant failed to pay Plaintiffs an overtime rate of one and one-half times their regular rate for all hours worked in excess of forty hours per week.

53.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

54. By reason of the unlawful acts alleged herein, Defendant is liable to Plaintiffs for monetary damages, liquidated damages and costs, including reasonable attorney's fees provided by the FLSA for all violations which occurred within the three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

55. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and, as a result thereof, Plaintiffs are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid minimum wage and unpaid overtime premium pay described above pursuant to Section 16(b) of the FLSA, 29 U.S.C. § 216(b).

56. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the FLSA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## VII.   SECOND CLAIM FOR RELIEF
### (Collective Action Claim for Violation of FLSA)

57. Plaintiffs repeat and re-allege all the preceding paragraphs of this Complaint as if fully set forth in this section.

58. Plaintiffs bring this collective action on behalf of all hourly-paid workers employed by Defendant to recover monetary damages owed by Defendant to Plaintiffs and members of the putative collective for all the overtime compensation for all the hours they worked in excess of forty (40) each week.

59. Plaintiffs bring this action on behalf of themselves individually and on behalf of all other similarly situated employees, former and present, who were and/or are affected by Defendant's willful and intentional violation of the FLSA.

60.     29 U.S.C. § 207 requires employers to pay employees one and one-half (1.5) times the employee's regular rate for all hours that the employee works in excess of forty (40) per week.

61.     Defendant violated Section 778.208 of Title 29 of the Code of Federal Regulations by not including all forms of compensation, such as non-discretionary bonuses paid to Plaintiffs and those similarly situated, in their regular rate when calculating their overtime pay.

62.     In the past three years, Defendant has employed at least ten (10) hourly-paid workers.

63.     Like Plaintiffs, these hourly-paid workers regularly worked more than forty (40) hours in a week.

64.     Defendant failed to pay these workers at the proper overtime rate.

65.     Because these employees are similarly situated to Plaintiffs, and are owed overtime for the same reasons, the opt-in class may be properly defined as:

**All hourly employees in the past three years who earned a bonus in connection with work performed any week in which they worked over forty hours.**

66.     Defendant's conduct and practice, as described above, has been and is willful, intentional, unreasonable, arbitrary and in bad faith.

67.     By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs and all those similarly situated for, and Plaintiffs and all those similarly situated seek, unpaid overtime wages, liquidated damages, and costs, including reasonable attorney's fees as provided by the FLSA.

68.     Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs and all those similarly situated as provided by the FLSA, Plaintiffs

and all those similarly situated are entitled to an award of prejudgment interest at the applicable legal rate.

## VIII. THIRD CLAIM FOR RELIEF
### (Individual Claims for Violation of the AMWA)

69. Plaintiffs repeat and re-allege all previous paragraphs of this Complaint as though fully incorporated in this section.

70. Plaintiffs assert this claim for damages and declaratory relief pursuant to the AMWA, Arkansas Code Annotated §§ 11-4-201, *et seq.*

71. At all relevant times, Defendant was Plaintiffs' "employer" within the meaning of the AMWA, Ark. Code Ann. § 11-4-203(4).

72. Arkansas Code Annotated § 11-4-211 requires employers to pay all employees one and one-half times regular wages for all hours worked over forty (40) hours in a week, unless an employee meets the exemption requirements of 29 U.S.C. § 213 and accompanying Department of Labor regulations.

73. Defendant failed to pay Plaintiffs all overtime wages owed, as required under the AMWA.

74. Defendant's failure to include bonuses when calculating Plaintiffs' overtime pay resulted in a failure to pay Plaintiffs full and complete overtime during weeks in which Plaintiffs worked more than forty (40) hours.

75. Defendant's conduct and practices, as described above, were willful, intentional, unreasonable, arbitrary and in bad faith.

76. By reason of the unlawful acts alleged in this Complaint, Defendant is liable to Plaintiffs for monetary damages, liquidated damages, costs, and a reasonable

attorney's fee provided by the AMWA for all violations which occurred within the three (3) years preceding the filing of Plaintiffs' initial complaint, plus periods of equitable tolling.

77. Alternatively, should the Court find that Defendant acted in good faith in failing to pay Plaintiffs as provided by the AMWA, Plaintiffs are entitled to an award of prejudgment interest at the applicable legal rate.

## IX. PRAYER FOR RELIEF

WHEREFORE, premises considered, Plaintiffs Alexis Canada and Indra Smith, each individually and on behalf of all others similarly situated, respectfully pray that Defendant be summoned to appear and to answer herein as follows:

A. That Defendant be required to account to Plaintiffs, the collective members and the Court for all of the hours worked by Plaintiffs and the collective members and all monies paid to them;

B. A declaratory judgment that Defendant's practices violate the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

C. A declaratory judgment that Defendant's practices violate the Arkansas Minimum Wage Act, Ark. Code Ann. § 11-4-201, *et seq.*, and the related regulations;

D. Certification of, and proper notice to, together with an opportunity to participate in the litigation, all qualifying current and former employees;

E. Judgment for damages for all unpaid overtime compensation under the FLSA, 29 U.S.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.;*

F. Judgment for damages for all unpaid overtime compensation under the AMWA, Ark. Code Ann. § 11-4-201, *et seq.,* and the related regulations;

G.  Judgment for liquidated damages pursuant to the FLSA, 29 US.C. § 201, *et seq.*, and attendant regulations at 29 C.F.R. § 516, *et seq.*, in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members of the collective during the applicable statutory period;

H.  Judgment for liquidated damages pursuant to the AMWA, Ark. Code Ann. § 11-4-201, *et seq.*, and the relating regulations in an amount equal to all unpaid overtime compensation owed to Plaintiffs and members the collective during the applicable statutory period;

I.  An order directing Defendant to pay Plaintiffs and members of the collective interest, reasonable attorney's fees and all costs connected with this action; and

J.  Such other and further relief as this Court may deem just and proper.

Respectfully submitted,

**ALEXIS CANADA and INDRA SMITH, Each Individually and on Behalf of All Others Similarly Situated, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
One Financial Center
650 South Shackleford, Suite 411
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

April Rheaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ALEXIS CANADA and INDRA SMITH,**  **PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

VS.   No. 4:20-cv-_998-DPM_

**CENTRAL MOLONEY, INC.**   **DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Central Moloney, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>miscalculated overtime wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_/s/ signature_
**ALEXIS CANADA**
August 20, 2020

Josh Sanford, Esq.
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
650 South Shackleford Road, Suite 411
Little Rock, Arkansas 72211
Telephone: (501) 221-0088
Facsimile: (888) 787-2040
josh@sanfordlawfirm.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ALEXIS CANADA and INDRA SMITH,**　　　　　　　　　　　**PLAINTIFFS**
**Each Individually and on Behalf**
**of All Others Similarly Situated**

vs.　　　　　　　　　　No. 4:20-cv-998-DPM

**CENTRAL MOLONEY, INC.**　　　　　　　　　　　　　　　　**DEFENDANT**

## CONSENT TO JOIN COLLECTIVE ACTION

I was employed as an hourly worker for Central Moloney, Inc., within the past three (3) years. I understand this lawsuit is being brought under the Fair Labor Standards Act for <u>miscalculated overtime wages</u>. I consent to becoming a party-plaintiff in this lawsuit, to be represented by Sanford Law Firm, PLLC, and to be bound by any settlement of this action or adjudication by the Court.

_____
**INDRA SMITH**
August 20, 2020

**Josh Sanford, Esq.**
**SANFORD LAW FIRM, PLLC**
**One Financial Center**
**650 South Shackleford Road, Suite 411**
**Little Rock, Arkansas 72211**
**Telephone: (501) 221-0088**
**Facsimile: (888) 787-2040**
**josh@sanfordlawfirm.com**