IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**ALEXIS CANADA and INDRA SMITH,**  **PLAINTIFFS**
Each Individually and on Behalf
of All Others Similarly Situated

v.   No. 4:20-cv-988-DPM

**CENTRAL MOLONEY, INC.**   **DEFENDANT**

### JOINT MOTION FOR APPROVAL OF SETTLEMENT
### AND DISMISSAL WITH PREJUDICE

Plaintiffs Alexis Canada ("Canada") and Indra Smith ("Smith") (collectively "Plaintiffs"), by and through their attorneys April Rhéaume and Josh Sanford of Sanford Law Firm, PLLC, and Defendant Central Moloney, Inc. ("Defendant"), by and through their attorney Michael Moore of Friday, Eldredge & Clark, LLP, hereby state the following for their Joint Motion for Approval of Settlement and Dismissal with Prejudice:

1.  Plaintiffs initiated this action on August 20, 2020. *See* ECF No. 1. Plaintiffs filed their First Amended Complaint ("FAC") on February 3, 2021. *See* ECF No. 18. Plaintiffs' FAC alleged violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, the Arkansas Minimum Wage Act ("AMWA"), Ark. Code Ann. § 11-4-201, *et seq.*, and the Families First Coronavirus Response Act ("FFCRA"). *Id*. Plaintiffs alleged that they were not paid a proper overtime rate for all hours worked over 40 per week due to nondiscretionary bonuses not being factored into Plaintiffs' regular rate of pay. *Id.*

2.  On February 3, 2021, Plaintiffs filed a First Amended Complaint ("FAC"). *See* ECF No. 18. In the FAC, Canada claims that Defendant violated the Families First

Page 1 of 6
Alexis Canada, et al. v. Central Moloney, Inc.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-998-DPM
Joint Motion for Approval of Settlement
and Dismissal with Prejudice

Coronavirus Response Act by wrongfully terminating her, and Smith claims that Defendant retaliated against her in violation of the FLSA. *Id.*

3. Defendant disputes that Plaintiffs were not properly compensated for all hours worked, including overtime, and also disputes the allegations in the FAC.

4. In an effort to reach an early resolution to this matter, the Parties exchanged documents and information regarding Plaintiffs' time records, compensation, and issues related to the underlying merits of Plaintiffs' claims against Defendant.

5. To ensure the Settlement Agreement releasing claims under the FLSA is valid and enforceable, the Parties request judicial review and approval of the Settlement Agreement. Settlement agreements resolving claims brought pursuant to the FLSA are typically subject to court approval. *See Younger v. Centers for Youth & Families, Inc.*, No. 4:16-CV-00170-KGB, 2017 WL 1652561, at *1 (E.D. Ark. Apr. 27, 2017) (citing 29 U.S.C. § 216(b)). Before approving a settlement, the Court must ensure that the Parties are not negotiating around the FLSA's requirements, and that the settlement represents a fair and reasonable resolution of a bona fide dispute. *See id.* The Eighth Circuit Court of Appeals has not directly addressed the factors to be considered in deciding motions for approval of FLSA settlements. However, other courts have scrutinized such settlements for fairness in two steps:

> First, the court should consider whether the compromise is fair and reasonable to the employee (factors 'internal' to the compromise). If the compromise is reasonable to the employee, the court should inquire whether the compromise otherwise impermissibly frustrates implementation of the FLSA (factors 'external' to the compromise). The court should approve the compromise only if the compromise is reasonable to the employee and furthers implementation of the FLSA in the workplace.

*Id.* (citing *Dees v. Hydradry, Inc.*, 706 F. Supp. 2d 1227, 1241 (M.D. Fla. 2010).

Page 2 of 6
Alexis Canada, et al. v. Central Moloney, Inc.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-998-DPM
Joint Motion for Approval of Settlement
and Dismissal with Prejudice

6. Here, the proposed settlement between the Parties represents a fair and equitable compromise of bona fide wage and hour disputes. The settlement follows negotiations conducted by opposing counsel at arm's length, including the sharing of time and pay records, by experienced counsel representing both parties. The Parties understand that, inherent to litigation, there are uncertainties and risks. The Parties understand the expense associated with further pleadings, discovery, a jury trial, and, potentially, an appeal.

7. This settlement represents something of a novelty in that the relevant amounts in settlement of wage and hour claims have already been tendered. Without the knowledge of Plaintiffs' counsel, Defendant tendered payments to Plaintiffs earlier this year in settlement of their claims for regular rate violations.

8. While Plaintiffs' counsel believes that this resolution was improper to the extent that it was reached without the advice of counsel, after discussion between counsel of the amounts paid to Plaintiffs by Defendant, the Parties believe that this resolution was a fair and reasonable compromise of a bona fide dispute, and they believe that Court approval is still required for a resolution of unpaid wages under the FLSA.

9. The amounts previously paid to Plaintiffs total $3.23 to Canada and $2.16 to Smith. These payments fully compensated Plaintiffs for the value of their regular rate claims, as they were made in amounts that paid them the difference in their original wages and the amount that they would have been paid, assuming all bonuses received were calculated into their regular rates of pay.

10. With the Parties' unpaid wage dispute resolved, Canada's FFCRA claim for wrongful termination and Smith's claim for retaliation under the FLSA remained.

Page 3 of 6
Alexis Canada, et al. v. Central Moloney, Inc.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-998-DPM
Joint Motion for Approval of Settlement
and Dismissal with Prejudice

11. The Parties believe that Plaintiffs' claims for FFCRA violations and for violations of the FLSA for retaliation do not require Court approval. "[C]ourts have found that settlement of a FLSA retaliation claim does not require court approval if it does not contaminate any settlement for a FLSA overtime claim." *Thompson v. Dealer Mgmt. Servs., Inc.*, No. 6:16-cv-1468-Orl-40KRS, 2019 U.S. Dist. LEXIS 67216, 2016 WL 7644856, at *1 (M.D. Fla. Dec. 13, 2016).

12. Here, the settlement of Plaintiffs' wage and hour claims were addressed completely separate from their FFCRA and retaliation claims. The amounts in the attached settlement agreement are not related to a settlement of Plaintiffs' wage and hour claims, as those claims have been mooted, but the Parties nevertheless seek the Court's approval of the attached agreement as it includes a general release, inclusive of wage and hour claims.

13. However, to the extent Court approval is required of the settlement of these claims, the Parties provide that under the terms of the settlement, Canada is receiving $1,100, and Smith is receiving $1,300. These amounts reasonably compensate Plaintiffs for their respective alleged claims under the FFCRA for wrongful termination and the FLSA for retaliation. Defendant asserts that the FFCRA did not apply and that they acted in compliance with the FLSA at all times. Therefore, the Parties agree that these amounts are reasonable and are in their mutual interest in order to avoid further litigation.

14. The Parties negotiated attorneys' fees and costs separately and without regard to Plaintiffs' claim. The amount of attorneys' fees and costs to be paid was reached only after an agreement was reached to resolve Plaintiffs' FFCRA and retaliation claims, and months after payments were tendered in settlement of their wage and hour claims.

Page 4 of 6
**Alexis Canada, et al. v. Central Moloney, Inc.**
**U.S.D.C. (E.D. Ark.) No. 4:20-cv-998-DPM**
**Joint Motion for Approval of Settlement**
**and Dismissal with Prejudice**

Accordingly, the Parties do not seek review of this portion of their settlement. *See Barbee v. Big River Steel, LLC*, 927 F. 3d 1024, 1027 (8th Cir. 2019) ("When the parties negotiate the reasonable fee amount separately and without regard to the Plaintiffs' FLSA claim, the amount the employer pays to the employees' counsel has no bearing on whether the employer has adequately paid its employees in a settlement. Thus, regardless of whether we read the statute as requiring approval for FLSA settlements, we do not read it as requiring approval of settled attorney fees.").

15. This Settlement Agreement resolves all matters remaining before the Court. Accordingly, Plaintiffs and Defendant jointly seek dismissal, with prejudice, of this action. The Parties request that following the Court's approval of the Settlement Agreement, the Court dismiss the above-styled action with prejudice.

WHEREFORE, Plaintiffs and Defendant request that the Court enter an Order granting this Joint Motion for Approval of Settlement and Dismissal with Prejudice, and for all other relief to which they are entitled.

Page 5 of 6
Alexis Canada, et al. v. Central Moloney, Inc.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-998-DPM
Joint Motion for Approval of Settlement
and Dismissal with Prejudice

Respectfully submitted,

**ALEXIS CANADA and
INDRA SMITH, PLAINTIFFS**

SANFORD LAW FIRM, PLLC
Kirkpatrick Plaza
10800 Financial Centre Pkwy, Suite 510
Little Rock, Arkansas 72211
Telephone: (800) 615-4946
Facsimile: (888) 787-2040

April Rhéaume
Ark. Bar No. 2015208
april@sanfordlawfirm.com

Josh Sanford
Ark. Bar No. 2001037
josh@sanfordlawfirm.com

and   **DEFENDANT CENTRAL
MOLONEY, INC.**

FRIDAY, ELDREDGE & CLARK, LLP
200 Regions Center
400 West Capitol Avenue
Little Rock, Arkansas 72201-3493
Telephone: (501) 370-1526
Facsimile: (501) 244-5348

*/s/ Michael S. Moore*
Michael S. Moore
Ark. Bar No. 82112
mmoore@fridayfirm.com

**Page 6 of 6
Alexis Canada, et al. v. Central Moloney, Inc.
U.S.D.C. (E.D. Ark.) No. 4:20-cv-998-DPM
Joint Motion for Approval of Settlement
and Dismissal with Prejudice**